IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>OTTO BOCK HEALTHCARE, LP, a Minnesota limited partnership<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:20-cv-00350<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On June 5, 2020, Plaintiff Michael Martin filed this action against Otto Bock Healthcare, a Minnesota limited partnership. *See* Dkt. No. 2. This is the only filing that Plaintiff has made in this case.

On June 8, 2020, Magistrate Judge Oberg ordered Plaintiff to propose a schedule. *See* Dkt. No. 3. Plaintiff failed to do so. On October 13, 2020, Judge Oberg issued an order requiring Plaintiff to "show cause why this case should not be dismissed for failure to serve or failure to prosecute" by filing either "proof of timely and proper service of the Complaint" or "a document setting forth good cause for a failure to timely serve the Defendant" no later than October 23, 2020. Dkt. No. 4. Plaintiff was warned that "[f]ailure to comply with this order will result in a recommendation that the case be dismissed." *Id.* As of November 5, 2020, Plaintiff has not responded to this order in any way.

Pursuant to Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss

actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

Plaintiff failed to respond in any way to Judge Oberg's order to propose a schedule or her order to show cause why this action should not be dismissed for failure to serve or failure to prosecute. Indeed, since filing the action on June 5, 2020, Plaintiff has neither made any additional filings nor communicated with the court at all. And Plaintiff's silence and inaction has

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although the court dismisses this action without prejudice, the court finds that these factors would support dismissal with prejudice, especially given Plaintiff's failure to respond to the court's orders—including its order to show cause why this action should not be dismissed for failure to serve or failure to prosecute.

persisted despite clear notice that failure to respond to the court's show cause order would "result in a recommendation that the case be dismissed." Dkt. No. 4.

The court thus finds that Plaintiff has failed to (1) prosecute this action; (2) comply with this court's orders; or (3) show good cause why this action should not be dismissed. The court will accordingly dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal will be without prejudice.

*   *   *

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** pursuant to FED. R. CIV. P. 41(b) and DUCivR 41-2 for failure to comply with the court's orders and for failure to prosecute;

2. The Clerk of the Court shall terminate Civil Action 2:20-cv-00350; and

3. Each party shall bear its own costs.

DATED this 5th day of November, 2020.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge

3